# Court of Appeals, State of Michigan

## ORDER

People of MI v Darell Chancellor

Docket No.    314437

LC No.     12-004974-FH

Christopher M. Murray
Presiding Judge

Kathleen Jansen

Douglas B. Shapiro
Judges

The Court orders that the motion for reconsideration is GRANTED, and this Court's opinion issued September 30, 2014 is hereby VACATED. A new opinion is attached to this order.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

DEC 0 4 2014
_____
Date

_____
Chief Clerk

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DARELL CHANCELLOR,

       Defendant-Appellant.

UNPUBLISHED
December 4, 2014

No. 314437
Wayne Circuit Court
LC No. 12-004974-FH

ON RECONSIDERATION

Before: MURRAY, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his conviction after a bench trial of possession of 450 to 999 grams of cocaine, MCL 333.7403(2)(a)(ii). The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to a term of 14 years and 3 months to 30 years' imprisonment.[1] We affirm.

This case arises out of a search of a house and seizure of 516.65 grams of cocaine. On November 1, 2011, Detroit police surveilled a house at 5023 32nd Street during which Officer Steven Geelhood observed a black male engage in three independent hand-to-hand transactions of suspected drugs at the front door of the house. The next day, police executed a search warrant. Upon searching a second-floor kitchen area, police found a bag containing four smaller bags of cocaine and two loaded handguns. The items were inside a clothes hamper that was tucked under a kitchen table. On top of the kitchen table, police found an open letter sent from the Michigan Department of Treasury and addressed to defendant at 5023 32nd Street. Police detained defendant's mother and a man during the search. Defendant was not then present at the house, but was later arrested.

---

[1] Defendant was also charged with possession with intent to deliver 450 to 999 grams of cocaine, MCL 333.7401(2)(a)(ii), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, but was acquitted of those other charges.

Defendant raises a single issue on appeal, arguing that there was insufficient evidence presented at trial to support his conviction of possessing cocaine under a constructive possession theory. When reviewing a claim of insufficient evidence, this Court reviews the record de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We review the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

Possession of a controlled substance requires a showing of "dominion or right of control over the drug with knowledge of its presence and character." *People v Meshell*, 265 Mich App 616, 621; 696 NW2d 754 (2005), quoting *People v Nunez*, 242 Mich App 610, 615; 619 NW2d 550 (2000), in turn quoting *People v Maliskey*, 77 Mich App 444, 453; 258 NW2d 512 (1977). Possession can be actual or constructive. *People v Wolfe*, 440 Mich 508, 520; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance. *Id*. at 521; see also, *People v Konrad*, 449 Mich 263, 271; 536 NW2d 517 (1995), citing *People v Germaine*, 234 Mich 623, 627; 208 NW 705 (1926) (analyzing whether the defendant had sufficient dominion or control to support a conviction based on constructive possession). By itself, a defendant's presence at a location where drugs are found is insufficient to establish possession. *Wolfe*, 440 Mich at 520.

Defendant contends that he was not the person police observed during the surveillance and that he did not live at 5023 32nd Street at the time of the search. But viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that defendant constructively possessed the seized cocaine. Officer Geelhood testified at trial that he was "[a]bsolutely" certain defendant was the person he saw involved in the suspected drug transactions at the front door of the house. Although defendant argues that he is the victim of mistaken identity – citing his heavier weight at the time of trial and reliance on prescription glasses – Officer Geelhood testified that he had a clear view of defendant during the surveillance. The prosecution also introduced as a trial exhibit a Secretary of State document depicting defendant as thinner and not wearing glasses. The trial court found Officer Geelhood's testimony concerning his identification of defendant to be reliable, and those questions of credibility are left to the trier of fact to resolve. *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009).

Also, police found the cocaine in the second-floor living quarters, and sufficient evidence suggested defendant occupied or had control over that area. The cocaine was in a clothes hamper that held male clothing, and police seized the letter addressed to defendant from the table under which the cocaine was found. Additionally, defendant's parole agent, Cyndi Izumi, testified that she visited defendant at 5023 32nd Street and that defendant told her he lived there. Indeed, defendant admitted that he told Izumi that he lived at the house and that he had, in fact, lived there for a time. The Secretary of State document listed defendant's address as 5023 32nd Street, and Officer Geelhood testified that during the search, defendant's mother directed him to a second residence where he could find defendant. Officer Geelhood went there and observed a vehicle that had been parked in front of 5023 32nd Street during the surveillance.

On this record, there was sufficient evidence to link defendant to both the house (through identification of him as the person involved in the front-door transactions and his admission that he at times lived there)[2] and that he had control over the area where police found the cocaine (through the evidence of the mail and clothing). Though there was no direct evidence that defendant actually possessed the drugs found inside the house (though there certainly was direct evidence of him possessing drugs at the front door), circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). And, all conflicts in the evidence must be resolved in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). The prosecution was not required to show that defendant was the only person with access to or control over the cocaine. Possession may be joint, with more than one person actually or constructively possessing a controlled substance. *Konrad*, 449 Mich at 271, citing *Wolfe*, 440 Mich at 520. Under these circumstances, there was sufficient evidence of the required nexus between defendant and the cocaine to reasonably find constructive possession beyond a reasonable doubt.[3]

Our dissenting colleague argues that the trial court's factual findings were not sufficient to support defendant's conviction. Defendant, however, does not argue or raise this issue in his counsel's brief nor in his own Standard 4 brief. Therefore, it is not an issue properly before us. In any event, "[a]lthough the circuit court's findings were brief, they established that it was aware of the relevant issues in the case and correctly applied the law . . . ." *People v Smith*, 211 Mich App 233, 235; 535 NW2d 248 (1995). See, also, MCR 6.403 and MCR 2.517(A)(2). The main issue was whether defendant could be connected to the cocaine—and the trial court made findings that (1) defendant resided at the house and (2) defendant's residence was "upstairs" (where the cocaine was located) such that he constructively possessed the cocaine. Given the evidence as outlined above, the trial court's findings—albeit brief—were sufficient enough for us to conclude that the trial court was aware of the relevant issues and made findings on those issues that were supported by the evidence.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen

---

[2] In his Standard 4 brief, defendant argues that he received the ineffective assistance of counsel when his trial counsel did not present defendant's wife and mother as witnesses who could testify that defendant did not live at this house, and when failing to object to "liquid formed narcotics" at trial. Even assuming those acts were ineffective, defendant is not entitled to relief because in light of the facts presented to the court, he has not established prejudice. *People v Corbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).

[3] Defendant suggests that that trial court rendered inconsistent rulings with respect to the cocaine and firearm possession charges. The requirement that a firearm be readily accessible distinguishes the firearm possession charges from the drug possession charge. See, *People v Williams (After Remand)*, 198 Mich App 537, 541; 499 NW2d 404 (1993).